UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON ROBERT HICKS,<br><br>Petitioner,<br><br>v.<br><br>ROBERT BURTON,<br><br>Respondent. | No. 2:18-cv-2237 JAM DB P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's motion to dismiss (ECF No. 16) and petitioner's filing in response (ECF No. 18). For the reasons set forth below, the court will direct petitioner to indicate how he would like to proceed with this action.

**I.     Procedural History**

Petitioner initiated this action by filing the petition on August 8, 2018.[1] (ECF No. 1.) Thereafter, petitioner filed a first amended petition. (ECF No. 7.) The court screened the petition pursuant to 28 U.S.C. § 1915A(a) and directed respondent to file a responsive pleading. (ECF

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).

No. 10.) Respondent moved to dismiss the petition because it contains unexhausted claims. (ECF No. 16.) In response, petitioner filed a motion seeking to delete the unexhausted claims. (ECF No. 18.)

**II.     Motion to Dismiss**

Petitioner is challenging his March 10, 2017 conviction and sentence in the Yolo County Superior Court. (ECF No. 7 at 1.) Petitioner pled guilty to charges of robbery, evading a police officer, attempted kidnapping, and infliction of a corporal injury on a spouse. (ECF No. 7 at 1.) Petitioner raised four claims in the first amended petition, in claims one and two petitioner alleges the trial court imposed an illegal sentencing enhancement and improperly enhanced his sentence based on prior convictions that were unconstitutional. (ECF No. 7 at 17-18.) Petitioner's other two claims involve allegations that he is actually innocent of attempted kidnapping and inflicting corporal injury on a spouse. (ECF No. 7 at 18-19.)

Respondent moves for dismissal of claims two through four on the grounds that petitioner failed to exhaust state court remedies as to each of those claims. (ECF No. 16.) Respondent also lodged[2] state court documents showing that petitioner's conviction was affirmed by the California Court of Appeal and petitioner did not seek review in the California Supreme Court. (ECF No. 17; LD 2.) The lodged documents also show that petitioner filed one state habeas petition. (LD 3.) His petition was filed in the California Supreme Court on February 23, 2018 and denied on July 25, 2018. (LD 3, 4.) The sole ground for relief in the petition alleged that the trial court improperly imposed a sentence enhancement based on a prior conviction. (LD 3 at 3.)

Petitioner's filing in response acknowledges that claims two through four are unexhausted and he requests to dismiss those claims and proceed with his sole exhausted claim. (ECF No. 18.) However, before the court grants petitioner's request it will advise him of his options regarding exhaustion and warn petitioner that deleting his unexhausted claims may prevent him from bringing those claims in any future federal habeas proceedings.

////

---

[2] Each document is referenced herein by its Lodged Document ("LD") number.

2

### III. Discussion

There is no question that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was violated. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 522 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id.

Because the petition contains unexhausted claims, this court is required to give petitioner the choice of exhausting the unexhausted claims by returning to state court or abandoning the unexhausted grounds and pursuing the exhausted ground in federal court. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177, 1181 (9th Cir. 2014), as amended on denial of reh'g and reh'g en banc, (June 24, 2014) (per curium) (district court erred in dismissing the mixed habeas petition without first giving petitioner the opportunity to amend his petition to include only exhausted claims).

Accordingly, petitioner must elect to proceed in one of two ways. First, petitioner may choose to dismiss the entire petition without prejudice. However, petitioner is advised that

dismissal of the present proceeding (even dismissal "without prejudice") could contribute toward a statute of limitations bar against any federal petition he might subsequently file.[3] Should petitioner choose to pursue exhaustion he may also move for a stay of this action pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) or Rhines v. Weber, 544 U.S. 269 (1995).

Alternatively, petitioner may choose to file an amended petition raising only the exhausted claim. However, petitioner is cautioned that should he choose this alterative, he may risk forfeiting consideration of the unexhausted claims in this or any other federal habeas proceedings. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rules Governing Section 2254 Cases, Rule 9(b). Petitioner may file a motion to amend the petition to add claims two through four once he exhausts state court remedies as to those claims. However, the court declines to address at this time whether such a motion would be appropriate or timely under Mayle v. Felix, 545 U.S. 644 (2005).

**IV.  Conclusion**

Accordingly, PETITIONER IS HEREBY ORDERED TO advise the court, within thirty days of the date of service of this order, whether he wishes to return to state court to fully exhaust administrative remedies before proceeding with this action, or in the alternative, whether he wishes to proceed only on the exhausted portion of his petition. Petitioner is warned that failure to respond to the court's order may result in a recommendation that this action be dismissed.

Dated: October 24, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas/hick2237.mtd

---

[3] In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state postconviction or other collateral review is pending. 28 U.S.C. § 2244(d). Although 28 U.S.C. § 2244(d)(2) tolls limitations during the pendency of "a properly filed application for State post-conviction or other collateral review," limitations may not have been tolled during the pendency of the instant federal petition. See Duncan v. Walker, 533 U.S. 167 (2001).