UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON ROBERT HICKS, | No. 2:18-cv-2237 JAM DB P |
| Petitioner, | |
| v. | ORDER |
| ROBERT BURTON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2017 conviction in the Yolo County Superior Court. Presently before the court is respondent's motion to dismiss (ECF No. 16), petitioner's motion to delete claims (ECF No. 18), petitioner's motion for stay (ECF No. 20), and petitioner's request for the stay to be lifted (ECF No. 23).

Petitioner initiated this action by filing the petition on August 8, 2018.[1] (ECF No. 1.) Thereafter, petitioner filed a first amended petition. (ECF No. 7.) Therein, petitioner challenges his March 10, 2017 convictions for second degree robbery, evading a police officer, attempted kidnapping, and infliction of corporal injury on a spouse. (Id. at 1.) Petitioner alleges four

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).

1

1  grounds for relief: (1) the plea agreement was breached; (2) he received an illegal prior strike

2  enhancement; (3) he is actually innocent of the corporal injury charge; and (4) he is actually

3  innocent of the kidnapping charge. (ECF No. 7 at 17-19.)

4  The court screened the amended petition pursuant to 28 U.S.C. § 1915A(a) and directed

5  respondent to file a responsive pleading. (ECF No. 10.) On July 19, 2019, respondent filed a

6  motion to dismiss the petition arguing it was not fully exhausted. (ECF No. 16.) In response,

7  petitioner filed a motion acknowledging that claims two through four were unexhausted and

8  requesting to delete the unexhausted claims. (ECF No. 18.)

9  The court determined that because the petition was mixed, containing both exhausted and

10  unexhausted claims, petitioner must either dismiss the petition, file an amended petition raising

11  only the exhausted claim, or seek a stay to pursue exhaustion. (ECF No. 19.) Petitioner was

12  advised that should he choose to pursue exhaustion of his unexhausted claims he could move for

13  a stay pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) or Rhines v. Weber, 544

14  U.S. 269 (1995). Petitioner was directed to inform the court of how he wished to proceed.

15  In response, petitioner filed a two-page motion requesting a stay of this action pursuant to

16  Rhines, in order to exhaust grounds two through four in state court. (ECF No. 20.) Thereafter,

17  respondent filed an opposition to petitioner's motion arguing that petitioner failed to show good

18  cause and failed to show that his unexhausted claims are potentially meritorious. (ECF No. 21.)

19  Petitioner now requests that the stay be lifted because he has presented his unexhausted

20  claims to the California Supreme Court and the petition is fully exhausted. (ECF No. 23.)

21  Exhibits attached to petitioner's request indicate that he filed a petition before the California

22  Supreme Court on September 18, 2019 (Id. at 10), he filed an amended petition in the California

23  Supreme Court on November 7, 2019 (Id. at 46), and that his petition for review was denied on

24  January 2, 2020 (Id. at 3).

25  Respondent's pending motion to dismiss argues that claims two through four should be

26  dismissed because they have not been presented to the California Supreme Court and are

27  therefore unexhausted. (ECF No. 16.) Petitioner agreed that the petition was not fully exhausted.

28  (ECF No. 18.) However, since the motion to dismiss was filed petitioner has filed a petition in

the California Supreme Court containing several of the unexhausted claims in the petition. (ECF No. 23.) Because petitioner has put forth evidence indicating that he presented his claims in the California Supreme Court, the court will deny the pending motion to dismiss without prejudice. In denying the motion to dismiss the court makes no ruling regarding whether petitioner has properly exhausted each of the claims contained in the petition.

Additionally, because petitioner has requested that the stay be lifted, the court will deny as moot his motions to delete his unexhausted claims (ECF No. 18) and his motion for stay (ECF No. 20).

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 16) is denied without prejudice.
2. Petitioner's motion to delete unexhausted claims (ECF No. 18) is denied as moot;
3. Petitioner's motion for stay (ECF No. 20) is denied as moot; and
4. Respondent shall file a motion or responsive pleading within thirty days of the date of this order.

Dated: February 6, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas/hick2237.stay