UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON ROBERT HICKS<br><br>Petitioner,<br><br>v.<br><br>ROBERT BURTON,<br><br>Respondent. | No. 2:18-cv-2237 JAM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, proceeds pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges a judgment of convictions entered on March 10, 2017 in the Yolo County Superior Court. Petitioner stands convicted of second degree robbery, evading a police officer, attempted kidnapping, false imprisonment, and infliction of corporal injury. (ECF No. 17-1.) Petitioner claims: (1) breach of plea agreement by imposing an illegal strike; (2) his sentence was illegally enhanced by his prior convictions; (3) actual innocence of corporal injury offense; and (4) actual innocence of attempted kidnapping offense. For the reasons set forth below, this court recommends denying the petition.

////

////

////

////

# BACKGROUND

## I.   Facts Established at Trial

The California Court of Appeal for the Third Appellate District provided the following summary of the facts from the preliminary hearing:[1]

> *Case No. 16-0209*
>
> On January 11, 2016, while driving together, defendant and his fiancé began arguing after the fiancé disclosed that she had suffered a miscarriage of defendant's child and she wanted to end their relationship. Defendant pulled into a parking lot and punched his fiancé in her head and face at least ten times. Defendant then kicked her at least three times, including physically kicking her out of the car. Once she was out of the car, defendant drove away. Defendant returned to the parking lot a short time later. He got out of the car and demanded his fiancé get back in the car. She refused and ran away.
>
> Defendant ran after her, grabbed her from behind with both arms, and attempted to get her back into the car. A bystander intervened and used pepper spray against the defendant, then called the police. Police arrived soon after. Defendant was charged with attempted kidnapping (Pen. Code, §§ 664, 207, subd. (a)), a felony; false imprisonment (Pen. Code, §§ 236, 237, subd. (a)), a felony; and inflicting corporal injury on his fiancé (Pen. Code, § 273.5, subd. (a)), also a felony. Further, it was alleged defendant was previously convicted of a serious felony (Pen. Code, § 667 subds. (c), (e)(1)), and had served two prior prison terms (Pen. Code, § 667.5, subd. (b)). Defendant entered a plea of no contest to all counts and admitted all enhancements. The court sentenced defendant to three years and eight months in state prison.
>
> *Case No. 16-1068*
>
> On February 22, 2016, defendant entered Umpqua Bank in Woodland. He approached a teller window and handed the bank teller a note stating, "I have a gun. All the money now." Although the bank teller did not see a gun, she gave defendant $2,869 and triggered a silent alarm. Defendant then walked out of the bank, across a parking lot, entered a car, and drove away. Defendant's fiancé was waiting in the car. Around the time defendant left the bank, a dispatch describing the suspect in a recent bank robbery and the suspect's vehicle was broadcast to Woodland police. A police officer then saw defendant's vehicle, which matched the vehicle description of the bank robber, and pulled defendant's vehicle over. After the officer asked defendant for identification, defendant sped away. During the three-mile pursuit, the police officer reached speeds up to 125 miles per hour, before defendant pulled over at a rest stop. At the rest stop, officers found $1,570 inside defendant's

---

[1] There was no trial because petitioner pleaded no contest to all charges and admitted multiple alleged enhancements. (ECF No. 17-2 at 1.)

2

> fiancé's purse. Officers took the defendant and his fiancé into custody.
>
> Defendant told the investigating officers that due to short-term memory loss from mental disorders, he did not remember going into a bank that day. Defendant was charged with second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)), a felony, and evading a peace officer with reckless driving (Veh. Code, § 2800.2, subd. (a)), a felony. Further, it was alleged defendant was previously convicted of a serious felony (Pen. Code, § 667 subds. (a)(1), (c) & (e)(1)), defendant had two prior prison terms (Pen. Code, § 667.5, subd. (b)), and defendant committed the crime while out on bail for a pending felony offense (Pen. Code, § 12022.1, subd. (b)). Defendant entered a plea of no contest to all counts and admitted all enhancements. The court sentenced defendant to 14 years and four months in state prison.

(ECF No. 17-2 at 2–3); People v. Hicks, No. C084262, 2018 WL 416055, at *1–2 (Cal. Ct. App. Jan. 16, 2018).

## II.    Procedural Background

### A.  Judgment

Petitioner was convicted of second-degree robbery, evading a police officer, attempted kidnapping, false imprisonment, and infliction of corporal injury. (ECF No. 17-1.) The trial court imposed an aggregate prison term of 18 years. (Id.)

### B.  State Appeal, State Habeas, and Federal Proceedings

Petitioner timely appealed his convictions, raising only one ground for relief—that the trial court erred in denying his motion to dismiss his prior strike ("claim 1"). (ECF No. 17-2 at 4.) The California appellate court affirmed the judgment on January 16, 2018. (Id.) Petitioner did not seek review in the California Supreme Court. Instead, he filed a state habeas petition in California Supreme Court on February 23, 2018, raising only claim 1. (ECF No. 17-3.) The California Supreme Court denied the petition on July 25, 2018. (ECF No. 17-4.) Petitioner did not file another state petition before pursuing federal habeas relief on August 16, 2018. (ECF No. 1.)

Petitioner submitted six superior court petitions, all of which the superior court summarily denied: (1) Case No. HCCR 2018-10, filed on March 7, 2018 and denied on May 22, 2018 (ECF Nos. 26-4, 26-5) (challenging court awarded restitution); (2) Case No. HCCR 2018-18, filed on April 9, 2018 and denied on June 14, 2018 (ECF Nos. 26-7, 26-8) (requesting trial transcripts

from appellate attorney); (3) Case No. HCCR 2018-37, filed on September 4, 2018 and denied on November 6, 2018 (ECF Nos. 26-6, 26-9) (requesting relief according to Senate Bills 1279 and 1393); (4) Case No. HCCR 2019-03, filed on January 3, 2019 and denied on March 8, 2019 (ECF Nos. 26-10, 26-11) (arguing that robbery is not a crime of violence); (5) Case No. HCCR 2019-11, filed on February 11, 2019 and denied on June 10, 2019 (ECF Nos. 26-12, 26-13) (requesting remand for trial court to exercise its discretion in striking petitioner's five-year prior serious felony sentence enhancement); and (6) Case No. HCCR 2019-20, filed on May 6, 2019 and denied on July 17, 2019 (ECF Nos. 26-14, 26-15) (arguing illegal sentencing enhancement and ineffective assistance of counsel). Petitioner also filed two state court of appeal petitions, which were also denied. (ECF Nos. 26-16–26-19.)

On September 10, 2018, petitioner filed his first amended federal habeas corpus petition. (ECF No. 7.) Respondent filed a motion to dismiss the petition on the ground that it included unexhausted claims. (ECF No. 16.) Petitioner responded by filing a "motion to delete unexhausted claims" and a motion to stay federal court proceedings to pursue unexhausted claims in state court. (ECF Nos. 18, 19.) Respondent opposed the motion to stay. (ECF No. 21.)

Petitioner subsequently filed a second state habeas petition in the California Supreme Court on September 18, 2019 and an amended second habeas petition on November 7, 2019. (ECF Nos. 22-1, 23 at 46.) The second habeas petitions included all four claims petitioner now seeks to litigate in this court. The California Supreme Court denied the successive petition, and petitioner moved to have the stay lifted in federal court. (ECF No. 23 at 1, 3.)

On February 6, 2020, this court denied respondent's motion to dismiss without deciding whether petitioner properly exhausted all claims in his habeas petition. (ECF No. 24.) This court also denied as moot petitioner's motion to delete unexhausted claims and motion for a stay. (Id.)

Respondent filed an answer to petitioner's habeas petition on March 5, 2020. (ECF No. 25.) Petitioner filed a traverse. (ECF No. 29.) On June 20, 2020, petitioner filed a motion noting reasons why this court should grant habeas corpus relief. (ECF No. 30.). Because his petition was fully briefed and properly submitted before he filed that motion, this court determined that it would not consider any new arguments raised in the motion when ruling on his petition. (ECF

4

No. 31.)

**STANDARDS OF REVIEW APPLICABLE TO HABEAS CORPUS CLAIMS**

A court can entertain an application for a writ of habeas corpus by a person in custody under a judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for an alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000) (stating that "a violation of state law standing alone is not cognizable in federal court on habeas.").

This court may not grant habeas corpus relief unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, 565 U.S. 34, 37 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405–06 (2000)). Circuit court precedent "'may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably.'" Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). But it may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 569 U.S. 58, 64 (2013) (per curiam) (citing Parker v. Matthews, 567 U.S. 37 (2012)); see also Carey v. Musladin, 549 U.S. 70, 76–77 (2006). Nor may circuit precedent be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct." Marshall, 569 U.S. at 64.

A habeas corpus application can invoke § 2254(d)(1) in two ways. First, a state court decision is "contrary to" clearly established federal law if it either applies a rule that contradicts a

holding of the Supreme Court or reaches a different result from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003) (quoting Williams, 529 U.S. at 405–06). Second, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413); Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 120 S. Ct. at 1522; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Andrade, 538 U.S. at 75. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 786–87.

A petitioner may also challenge a state court's decision as being an unreasonable determination of facts under § 2254(d)(2). Hibbler v. Benedetti, 693 F.3d 1140, 1146 (9th Cir. 2012). Challenges under this clause fall into two categories; first, the state court's findings of fact "were not supported by substantial evidence in the state court record," or second, the "fact-finding process itself" was "deficient in some material way." Id.; see also Hurles v. Ryan, 752 F.3d 768, 790–91 (9th Cir. 2014) (If a state court makes factual findings without an opportunity for the petitioner to present evidence, the fact-finding process may be deficient and the state court opinion may not be entitled to deference.). Under the "substantial evidence" category, the court asks whether "an appellate panel, applying the normal standards of appellate review," could reasonably conclude that the finding is supported by the record. Hibbler, 693 F.3d at 1146 (9th

1    Cir. 2012) (quoting Taylor v. Maddox, 366 F.3d 992, 999–1000 (9th Cir. 2004), overruled on
2    other grounds by Murray v. Schriro, 745 F.3d 984, 999–1001 (9th Cir. 2014)). The "fact-finding
3    process" category, however, requires the federal court to "be satisfied that any appellate court to
4    whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable
5    in holding that the state court's fact-finding process was adequate." Hibbler, 693 F.3d at 1146-47
6    (quoting Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004)). The state court's failure to hold
7    an evidentiary hearing does not automatically render its fact-finding process unreasonable. Id. at
8    1147. Further, a state court may make factual findings without an evidentiary hearing if "the
9    record conclusively establishes a fact or where petitioner's factual allegations are entirely without
10   credibility." Perez v. Rosario, 459 F.3d 943, 951 (9th Cir. 2006) (citing Nunes v. Mueller, 350
11   F.3d 1045, 1055 (9th Cir. 2003)).

12   If a petitioner overcomes one of the hurdles posed by section 2254(d), this court reviews
13   the merits of the claim de novo. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see
14   also Frantz v. Hazey, 533 F.3d 724, 737 (9th Cir. 2008) (en banc). For claims upon which a
15   petitioner seeks to present new evidence, the petitioner must meet the standards of 28 U.S.C. §
16   2254(e)(2) by showing that he has not "failed to develop the factual basis of [the] claim in State
17   court proceedings" and by meeting the federal case law standards for the presentation of evidence
18   in a federal habeas proceeding. See Cullen v. Pinholster, 563 U.S. 170, 186 (2011).

19   This court looks to the last reasoned state court decision as the basis for the state court
20   judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).
21   "[I]f the last reasoned state court decision adopts or substantially incorporates the reasoning from
22   a previous state court decision, [this court] may consider both decisions to 'fully ascertain the
23   reasoning of the last decision.'" Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en
24   banc) (quoting Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005)). "When a federal claim
25   has been presented to a state court and the state court has denied relief, it may be presumed that
26   the state court adjudicated the claim on the merits in the absence of any indication or state-law
27   procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be
28   overcome if "there is reason to think some other explanation for the state court's decision is more

7

likely." Id. at (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision rejects some of petitioner's claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 293 (2013). When it is clear that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply, and a federal habeas court reviews the claim de novo. Stanley, 633 F.3d at 860.

**ANALYSIS**

Petitioner asserts four grounds for relief: (1) breach of plea agreement by imposing an illegal strike; (2) sentence was illegally enhanced on the basis of prior convictions; (3) actual innocence of corporal injury offense; (4) actual innocence of attempted kidnapping offense. (ECF No. 7 at 17–19.)

**I.   Petitioner's No Contest Plea**

As a preliminary matter, respondent argues that all of petitioner's claims are foreclosed by his no contest plea, where he admitted the sentencing enhancement and substantive charges he now challenges in his petition. (ECF No. 25 at 7.) Petitioner does not respond to this argument.

When a defendant enters a guilty plea, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollet v. Henderson, 411 U.S. 258, 267 (1973); see United States v. Broce. 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); Mahrt v. Beard, 849 F.3d 1164, 1170 (9th Cir. 2017).[2] Conscious waiver is not "necessary with respect to each potential defense relinquished by a plea of guilty." Broce, 488 U.S. at 573. "A failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel, but

---

[2] Tollett applies with equal force to a no contest plea. Cal. Penal Code § 1016 ("[A] plea of nolo contendere shall be considered the same as a plea of guilty...The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes."); see also Ortberg v. Moody, 961 F.2d 135, 137-38 (9th Cir. 1992) (applying Tollett to a no contest plea).

8

absent such a claim it cannot serve as the predicate for setting aside a valid plea." Id. at 574.

Instead, a defendant may only attack the voluntary and intelligent nature of the guilty plea. McMann v. Richardson, 397 U.S. 759, 771–72 (1970); Tollet, 411 U.S. at 268; see Lowe v. Johnson, 701 F. App'x 548, 550 (9th Cir. June 21, 2017). This applies to sentencing challenges. Hill v. Lockhart, 474 U.S. 52, 58–59 (1985) (holding that the Strickland v. Washington, 466 U.S. 668 (1984) two-prong test applies to challenges to guilty pleas based on ineffective assistance of counsel). To challenge his guilty plea on the ground of ineffective assistance of counsel, petitioner must show that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) that but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Id. For example, in Hill v. Lockhart, petitioner claimed that he was entitled to habeas relief because his counsel gave him incorrect advice as to his parole eligibility under the sentence agreed to in the plea bargain. Id. at 60. The Supreme Court affirmed the judgment denying habeas relief. It concluded that

> Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty. Indeed, petitioner's mistaken belief that he would become eligible for parole after serving one-third of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted.

Id.

Here, petitioner does not attack the voluntary and intelligent nature of his no contest plea. He also does not present an ineffective assistance of counsel claim; he fails to argue that but for his counsel's errors he would not have plead guilty and would have demanded on going to trial. To the extent that petitioner raises constitutional challenges to events occurring prior to the guilty plea, those challenges are foreclosed. Assuming that all of his claims concern events arising after the guilty plea, they also fail for the reasons discussed below.

////

////

## II.   Claim 1: Breach of Plea Agreement by Imposing a Strike

Petitioner argues that the trial court improperly counted his prior conviction as a strike during sentencing. (ECF No. 7 at 17.) In Case No. F143461, petitioner plead guilty to battery with serious bodily injury, without admitting that the conviction was a strike. (Id.; ECF 29 at 7.) Petitioner claims that it was a breach of the plea agreement to use the prior conviction to enhance his sentence. Respondent contends that (1) petitioner has not proven a breach of the plea agreement, (2) petitioner cannot challenge the validity of a prior conviction, and (3) petitioner's prior conviction is a serious felony. (ECF No. 25 at 8–9.)

Petitioner raised this claim in his first state habeas petition, which the court denied without explanation. (ECF Nos. 17-3, 17-4.)

When entering a plea deal, both defendant and the state must uphold their side of the bargain. See Puckett v. United States, 556 U.S. 129, 137 (2009); Santobello v. New York, 404 U.S. 257, 262–63 (1971). Should the state fail to meet their obligations, a defendant is entitled to a remedy. Id. But rescinding the plea deal is not the only remedy. Id. at 138–39 ("In any case, it is entirely clear that a breach does not cause the guilty plea, when entered, to have been unknowing or involuntary. It is precisely *because* the plea was knowing and voluntary (and hence valid) that the Government is obligated to uphold its side of the bargain."). If the plea agreement is silent on a given issue, there can be no breach of the plea agreement. See, e.g., United States v. Zhicheng Zeng, 290 F. App'x 57 (9th Cir. Aug. 7, 2008); United States v. Orlando, 242 F.3d 385 (9th Cir. 2000). "Although [Federal Rule of Criminal Procedure 11] gives courts discretion to accept or reject a plea agreement, it does not authorize courts to remake a plea agreement or imply terms into one." United States v. Hammond, 742 F.3d 880, 883 (9th Cir. 2014) (citing United States v. Benchimol, 471 U.S. 453, 455 (1985) (per curiam)).

Petitioner's argument that the state breached his 2014 plea agreement when it used that conviction to enhance his sentence in this case fails. In 2014, petitioner was charged with and pleaded no contest to violating Penal Code § 243(d), battery with serious bodily injury. (ECF No. 7 at 47.) The plea agreement was silent as to whether the charge would result in a strike. (Id. at 50–53.) Petitioner also has not identified any trial record cite indicating that the state made such a

10

1   promise. To the contrary, petitioner was on notice that his conviction would likely count as a

2   strike in the future. The plea agreement expressly stated that the conviction is an aggravated

3   felony. (Id. at 51 ("Since I am being convicted of an aggravated felony per 8 U.S.C. sec.

4   1101(a)(43)….") This court concludes that there was no breach of the plea agreement.

5         Petitioner also "challenges the constitutional validity of his 2014 battery [with] serious

6   bodily injury conviction…" in his habeas petition. (ECF No. 28 at 12.) He cannot. The Supreme

7   Court has held that

> [O]nce a state conviction is no longer open to direct or collateral attack on its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did not unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

13   Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 403 (2001). There are two limited

14   exceptions to the general rule; first, when the prior conviction used to enhance the sentence was

15   obtained when there was a failure to appoint counsel in violation of the Sixth Amendment, and

16   second, when defendant had no means of review of a prior conviction due to no fault of his own.

17   Id. at 404–06; Daniels v. United States, 532 U.S. 374, 383–84 (2001). Petitioner's 2014

18   conviction is no longer eligible for direct or collateral review; he cannot get around that bar by

19   challenging the constitutionality of that conviction in his habeas petition. Petitioner does not fall

20   within either exception. He does not contend that his 2014 conviction resulted from a failure to

21   appoint counsel or that he had no means to challenge it. The fact that he is in state custody for a

22   different crime does not give him a new opportunity to challenge his 2014 conviction in this

23   habeas proceeding. See Alaska v. Wright, 141 S. Ct. 1467, 1468 (Apr. 26, 2021) (holding that,

24   despite petitioner's prior conviction serving as a predicate for his current conviction, he cannot

25   satisfy the "in custody" requirement under § 2254(a)); Manunga v. Superior Ct. of Cal. Orange

26   Cnty., 635 F. App'x 360, 362 (9th Cir. Dec. 24, 2015).

27         Lastly, petitioner contends that his prior conviction is not a serious felony and does not

28   qualify as a strike. He is mistaken. State law determines whether his prior conviction counts as a

serious felony. As a threshold matter, federal habeas relief is not available for alleged errors of state law. See Wilson, 562 U.S. at 5; Estelle, 502 U.S. at 67–68; Park, 202 F.3d at 1149. Even if it was a cognizable claim, it would fail on the merits. California courts have determined that the "element of 'serious bodily injury,' as required for felony battery, is essentially equivalent or synonymous with 'great bodily injury' for the purpose of a 'serious felony' sentence enhancement…." People v. Moore, 10 Cal. App. 4th 1868, 1871 (1992); see also People v. Barajas, No. F063330, 2012 WL 5358602, at *10 (Cal. Ct. App. Oct. 31, 2012). This court declines petitioner's invitation to reconsider the state court's interpretation of its own laws and recommends denial of petitioner's claim 1.

### III.     Claims 2–4: Exhaustion and Procedural Bar

Petitioner also asserts that (a) his sentence was illegally enhanced based on his prior conviction ("claim 2"); (b) actual innocence of corporal injury offense ("claim 3"); and (c) actual innocence of attempted kidnapping offense ("claim 4"). (ECF No. 7 at 17–19.) Respondent contends that claims 2–4 are barred because they were (a) unexhausted when petitioner filed his federal habeas petition, and (b) the California Supreme Court's determination that petitioner's second state habeas petition was procedurally barred forecloses consideration of these same claims in federal court. (ECF No. 25 at 9.)

Petitioner raised claims 2–4 for the first time in his second state habeas petition before the California Supreme Court. (ECF No. 22-1; ECF No. 23 at 46.) The California Supreme Court denied the petition citing "See *In re Clark* (1993) 5 Cal.4th 750, 767–769 [courts will not entertain habeas corpus claims that are successive].)" (ECF No. 23 at 3.)

Although procedural issues are often addressed before the merits, they need not be. A federal court may deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust remedies. 28 U.S.C. § 2254(b)(2). As to procedural bar, the Supreme Court in Lambrix v. Singletary, 520 U.S. 518 (1997) skipped over the procedural bar argument to proceed to the merits. Id. at 525 ("Despite our puzzlement at the Court of Appeals' failure to resolve this case on the basis of procedural bar, we hesitate to resolve it on that basis ourselves."); see also Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (stating that courts may "reach the merits of habeas

12

petitions if they are, on their face and without regard to any facts that could be developed below, clearly not meritorious despite an asserted procedural bar."). "Procedural bar issues are not infrequently more complex than the merits issues" and "it may well make sense in some instances to proceed to the merits if the result will be the same." Franklin, 290 F.3d at 1232; see, e.g., Dean v. Schriro, 371 F. App'x 751 (9th Cir. Mar. 17, 2010). Lastly, the statute of limitations is not jurisdictional. Day v. McDonough, 547 U.S. 198, 205 (2006); 28 U.S.C. § 2244(d)(2). This court declines to reach the procedural issues because petitioner's claims 2–4 fail on the merits.

**IV.    Claim 2: Prior Conviction as a Sentence Enhancement**

Petitioner claims that the trial court unconstitutionally enhanced his sentence by counting his prior conviction as a strike. (ECF No. 7 at 17.) Respondent contends that this court cannot reexamine the trial court's sentencing determination. (ECF No. 25 at 14.)

This court agrees with the state. The state court's decision to enhance petitioner's sentence based on his prior conviction is a matter of state law. See, e.g., Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (whether a prior conviction qualifies for a sentence enhancement under California law is not a cognizable federal habeas claim); Calderon-Silva v. Hollen, No.2:14-cv-0052 GEB DAD P, 2015 WL 6163454, at *7 (E.D. Cal. Oct. 19, 2015). The Supreme Court has "reemphasize[d] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67–68. A federal habeas court is bound by the state court's interpretation of state law. Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Horton v. Mayle, 408 F.3d 570, 576 (9th Cir. 2005) ("If a state law issue must be decided in order to decide a federal habeas claim, the state's construction of its own law is binding on the federal court.") "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing law does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). Because petitioner has not shown that a fundamental unfairness resulted from the trial court's interpretation of state sentencing law, this court will not second-guess the state court's decision. This court recommends denial of petitioner's claim 2.

////

////

### V.     Claims 3 and 4: "Gateway" Claims of Actual Innocence

Petitioner claims actual innocence of the corporal injury and attempted kidnapping crimes by challenging the factual basis of both convictions. (ECF No. 7 at 18–19.) For the corporal injury crime, he asserts his innocence on the following grounds: the victim testified that she did not remember petitioner hitting her; she did not remember telling the officer she had been hit; she did not suffer injuries; and the incident was caused by the sudden news of the victim's miscarriage and desire to end their relationship. (ECF No. 29 at 19–21.) For the attempted kidnapping crime, petitioner argues that there was no evidence of his actual intent to kidnap the victim. (Id.)

A gateway claim of actual innocence would allow a federal habeas petitioner to overcome a procedural bar to consideration of his claims on the merits. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). But these claims are rare. Id. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 569 U.S. at 401 (citing Schlup, 513 U.S. at 316). This standard is an "extremely high hurdle." Stewart v. Cate, 757 F.3d 929, 938 (9th Cir. 2014). A gateway innocence claim is foreclosed if the petitioner fails to produce any new evidence. See, e.g., Pratt v. Filson, 705 F. App'x 523, 525 (9th Cir. Aug. 4, 2017); Chestang v. Sisto, 522 F. App'x 389, 390–91 (9th Cir. June 11, 2013).

Although petitioner states that he is asserting a gateway actual innocence claim, he is not. Petitioner does not present any new evidence to support his innocence nor does he make any arguments to undermine the state's case against him. This is inadequate to meet the exacting standard for a gateway actual innocence claim. See, e.g., Larsen v. Soto, 742 F.3d 1083, 1096 (9th Cir. 2013). Furthermore, it is unclear if petitioner is foreclosed from raising an actual innocence claim because he plead no contest. See, e.g., Smith v. Baldwin, 510 F.3d 1127, 1140

n.9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas."); Corzine v. Baker, 646 F. App'x 520, 520 n.2 (9th Cir. 2016) (noting that "a guilty plea does not foreclose the possibility of accessing the *Schlup* gateway"); Torres v. Diaz, No. 19-cv-01964 LAB JLB, 2020 WL 7869488, at *21 & n.2 (S.D. Cal. Dec. 31, 2020). Instead, petitioner merely challenges the factual sufficiency of the evidence in the trial record. But his claims do not show insufficiency of the evidence. Jackson v. Virginia, 443 U.S. 307, 319 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

To the extent petitioner is attempting to argue a freestanding actual innocence claim, that argument also fails. The Supreme Court has not yet resolved whether a prisoner is entitled to habeas relief for a freestanding actual innocence claim. McQuiggin, 569 U.S. at 392; Herrera v. Collins, 506 U.S. 390, 404 (1993) (stating that "habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considers on the merits."); Gimenez v. Ochoa, 821 F.3d 1136, 1143–45 (9th Cir. 2016) ("The Supreme Court has never recognized 'actual innocence' as a constitutional error that would provide grounds for relief without an independent constitutional violation."). Even if a freestanding actual innocence claim does exist, petitioner has not successfully stated that claim. He has not presented any evidence of his innocence that would undermine the court's confidence of his conviction. This court therefore recommends rejecting petitioner's claims 3 and 4.

## CONCLUSION

Petitioner fails to meet the standards set out in 28 U.S.C. § 2254(d) by showing the state court decision on any claim was contrary to or an unreasonable application of clearly established law as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts.

Thus, it is RECOMMENDED that petitioner's petition for a writ of habeas corpus (ECF

No 7) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: August 9, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB15;
PATH